**MIKULAY COMPANY, INC., Plaintiff,**

v.

**The URBAN MASS TRANSPORTATION ADMINISTRATION, et al., Defendants.**

**Civ. A. No. 79–2733.**

United States District Court, District of Columbia.

Dec. 6, 1980.

Timothy L. Harker, Jeffrey N. Martin, Washington, D. C., for plaintiff.

William E. Hill, U. S. Dept. of Justice, Land & Natural Resource Div., Washington, D. C., for defendants.

MEMORANDUM OPINION

NORMA HOLLOWAY JOHNSON, District Judge.

This matter is before the Court upon the motion of Federal defendants to dismiss this action for failure to join an indispensable party, the City of Minneapolis, or in the alternative, for transfer of this action to the United States District Court for the District of Minnesota. The plaintiff opposes the motion in all respects.

The complaint in this case challenges certain actions taken by defendants in the processing of an application made by the City of Minneapolis to the defendant Urban Mass Transportation Administration, for a grant of federal mass transportation funds for the construction of a parking garage and bus layover facility. The construction of this facility is planned on land presently owned by the plaintiff. The plaintiff seeks to enjoin the processing and funding of the grant application,[1] pending defendants' compliance with the National Environmental Policy Act of 1969, 42 U.S.C. § 4321 *et seq.*, the National Historic Preservation Act of 1966, 16 U.S.C. § 470 *et seq.*, and The Urban Mass Transportation Act, 49 U.S.C. §§ 1602, 1610.

The federal defendants argue that the City of Minneapolis, as grantee of substantial sums of federal funds, is an indispensable party to this action and that, pursuant to Rule 19 of the Federal Rules of Civil Procedure, this action should be dismissed for failure to join the City. Alternatively, the defendants urge the Court to exercise its discretion to transfer this case, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the District of Minnesota, where joinder of the City of Minneapolis could be effected. These defendants contend that the City of Minneapolis is clearly a person in whose absence complete relief cannot be accorded among the existing par-

1. At the time this complaint was filed, the grant application of the City of Minneapolis had not been approved. However, the record reflects that on or about August 20, 1980, de-fendant Urban Mass Transportation Administration issued its final approval of the application. The instant motion was filed shortly thereafter.

ties, and whose interest in the subject of this action is such that disposition of the plaintiff's claims here will impair its ability to protect its interest in the development of the transportation facility.

The plaintiff, in opposition to the motion, asserts that Rule 19 is not applicable in this instance since the plaintiff seeks adjudication of its rights vis-a-vis the federal government, and not the City of Minneapolis. Plaintiff argues that the City has no legally protected interest in the subject matter of this action, in that the issue involves the defendants' power to grant funds, and not the City's right to receive them. Plaintiff also opposes defendants' alternative motion to transfer this action, contending that such transfer is unnecessary with regard to the convenience of any witnesses, and that plaintiff's choice of forum should prevail.

■ Upon consideration of the defendants' motion, the plaintiff's opposition thereto, and the entire record, the Court finds and concludes that the City of Minneapolis is not an indispensable party within the meaning of Rule 19. An analysis of the applicability of Rule 19, whether a person is indispensable and in whose absence the action cannot proceed, can only be determined in the context of the particular litigation. *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 119, 88 S.Ct. 733, 743, 19 L.Ed.2d 936 (1968). The analysis is a two-step procedure: the Court first must consider whether the absent party is a necessary one, that is, one in whose absence complete relief cannot be accorded among those already parties, or who claims an interest relating to the subject of the action, and is so situated that a disposition in his absence may impair or impede the absent party's ability to protect that interest, or leave any of the persons already parties subject to a substantial risk of incurring inconsistent obligations. Fed.R.Civ.P. 19(a). While the Court is not completely per-

suaded that the City of Minneapolis is a necessary party to this action, that it has an actual interest in the subject matter of this action, and not just a financial interest or interest in the outcome of the litigation,[2] the Court will assume, *arguendo*, that the City of Minneapolis satisfies those requirements of Rule 19(a) to deem it a necessary party. However, since it is not feasible to join the City, the Court must consider the City's position with respect to Rule 19(b); whether in equity and good conscience the action should proceed or be dismissed, the City being regarded as indispensable.

■ Rule 19(b) sets forth the factors to be considered:

[F]irst, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions, in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

The Supreme Court has found that "Rule 19(b) suggests four 'interests' that must be examined in each case to determine whether, in equity and good conscience, the Court should proceed without a party whose absence from the litigation is compelled": (1) the interest of the plaintiff in having a forum; (2) the interest of the defendant in avoiding inconsistent relief or multiple litigation; (3) the interest of the absent party in protecting his rights; and (4) "the interest of the courts and the public in complete, consistent, and efficient settlement of the controversy." *Provident Tradesmens Bank & Trust Co. v. Patterson, supra*, 390 U.S. at 109–111, 88 S.Ct. at 737–738. See also, *Defenders of Wildlife v. Andrus*, 77 F.R.D. 448, 451 (D.D.C.1978). Upon consideration of these factors and interests the Court finds that dismissal of this case at this

---

**2.** See 3A Moore's Federal Practice ¶ 19.07–1[1]. "The interest relating to the subject matter of the action that makes an absent person a party needed for just adjudication, must be a legally protected interest, not merely a financial interest or interest of convenience". See also, *State of Delaware v. Bender*, 370 F.Supp. 1193, 1197 (D.Del.1974).

stage, could hamper the plaintiff's efforts to pursue this action. "Before trial, the strength of this interest obviously depends upon whether a satisfactory alternative forum exists." *Provident Tradesmens Bank & Trust Co. v. Patterson, supra,* 390 U.S. at 109, 88 S.Ct. at 738. There is presently pending before this Court plaintiff's motion for a preliminary injunction, to enjoin the transfer of funds from defendants to the City of Minneapolis, such transfer appearing to be imminent. While technically, and as plaintiff concedes, the plaintiff could pursue this action in another forum where joinder of the City of Minneapolis would be feasible, as a practical matter, the delay caused by requiring plaintiff to do so, could effectively foreclose even the possibility of plaintiff obtaining the preliminary relief it seeks. The transfer of funds could occur in the interim, and given the nature of this litigation, such action could seriously undermine the underlying cause of action.[3] While the Court recognizes the interest of these defendants in avoiding inconsistent relief or multiple litigation, the Court is not informed of any other pending action which relates to the subject matter of this action, and involves these parties or the absent City of Minneapolis. The defendants do not suggest how they might be subject to inconsistent relief or multiple litigation, and the Court declines to speculate on the matter. A more tangible interest at stake is that of the absent party in protecting its rights. The City of Minneapolis arguably would be affected if the plaintiff prevails with its claim. However, plaintiff does not seek to abrogate the grant made by defendants to the City of Minneapolis, but instead seeks to enjoin the defendants from acting on the grant, pending defendants' compliance with certain statutes which impose specific obligations upon defendants. Theoretically, the City's entitlement to the federal funds depends upon defendants' compliance with those statutes. If it is ultimately found that defendants have failed to meet their statutory obligations, the presence of the City of Minneapolis in this action would have had little bearing upon the outcome of

the case. The interests of the City can be adequately protected by the defendants, whose position in this action is not inconsistent with that which would be taken by the City. Moreover, the City's interest can be protected further by including in any judgment which may be adverse to defendants, a provision stating that the City of Minneapolis shall not be prejudiced by the judgment in asserting any claim it may have against anyone who is now or hereafter may become a party to the litigation. See generally, *State of Delaware v. Bender,* 370 F.Supp. 1193 (D.Del.1974). Additionally, the Court finds that the interest of the courts and the public will not be disserved by the failure to dismiss this action.

■ For many of the above-stated reasons, the Court finds there would be no useful purpose served in the transfer of this action to the United States District Court for the District of Minnesota. The Court has already considered the necessity of participation by the City of Minneapolis in this action, and it appears that this forum is no less convenient to prospective witnesses than that forum suggested by defendants. Accordingly, defendants' alternative motion to transfer this action is denied.

---

3. The Court expresses no opinion as to plaintiff's entitlement to a preliminary injunction, but is concerned with plaintiff's ability to pursue such relief.