Armando **ROMERO**, Plaintiff-Appellant,

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

No. 85–2153.

United States Court of Appeals,
Fifth Circuit.

March 24, 1986.

Glynn A. Pugh, Corpus Christi, Tex., for plaintiff-appellant.

Richard Farber, Francis M. Allegra, U.S. Dept. of Justice, Washington, D.C., James R. Gough, Asst. U.S. Atty., Houston, Tex., Michael L. Paup, Chief, Glenn L. Archer, Jr., Asst. Atty. Gen., Appellate Section, Tax Div., Dept. of Justice, Washington, D.C., for defendant-appellee.

Before GOLDBERG, RANDALL, and JOHNSON, Circuit Judges.

JOHNSON, Circuit Judge:

Plaintiff-appellant Armando Romero appeals from the district court's dismissal of his suit challenging the constitutionality of the "tax intercept" statute. *See* 26 U.S.C. § 6402(c), 42 U.S.C. § 664. Romero sought to recover his tax refund for 1981, which was paid by the Internal Revenue Service (IRS) to California pursuant to these provisions, for past-due child support after the California Department of Social Services (CDSS) certified to the IRS that Romero owed such payments. In his amended complaint, Romero charged that section 6402(c) authorized the IRS to engage in an unconstitutional taking of his property and that the procedures the IRS followed in transferring his tax refund violated the due process clause of the United States Constitution. The district court dismissed Romero's complaint, holding that the court lacked jurisdiction and that the State of California was an indispensable party. Holding that the district court erred, we reverse the case and remand to the district

court so that Romero may proceed with his challenge to the tax intercept statute.

Romero's amended complaint alleges that he and his wife filed a joint 1981 income tax return in Austin, Texas. Romero alleged that he was entitled to a tax refund of $1,106.39.[1] Romero further alleged that, rather than paying him the refund, the IRS paid the refund to CDSS after the IRS had received notice from CDSS that a person named Armando Romero was indebted to the CDSS for past-due child support. After the IRS had transferred the money to CDSS on May 10, 1982, the IRS mailed a notice to Romero on May 21 that his refund had been paid to the State of California. The IRS refused to refund Romero's tax refund to him "until instructed to do so in writing" by CDSS. CDSS, in turn, advised Romero that "any refund ... must be initiated by the ... (local) District Attorney [of California]." Romero then contacted the office of the Fresno County District Attorney, which advised Romero that California would retain Romero's refund based on a default judgment entered against Romero in 1978.[2] Romero then filed a timely claim with the IRS. On September 23, 1982, the IRS denied his claim, and this suit followed. Romero's complaint attacked section 6402(c) as an "invalid, unconstitutional statutory plan" in that it did not require the United States to provide Romero with adequate notice and hearing procedures.[3]

Following trial briefs, the district court agreed with the United States and dismissed the action for want of jurisdiction under 26 U.S.C. § 7422[4] and for failure to join the State of California as an indispensable party. See Fed.R.Civ.P. 19. Romero timely appealed to this Court.

On appeal, the United States abandons its section 7422 and Rule 19 objections and instead urges this Court to affirm the district court on the alternative ground that Romero's complaint fails to state a cause of action. The United States concedes that Romero's interest in his tax refund may not be taken without due process of law, but argues that all due process obligations rest with the "certifying" state (in the instant case, California). Thus, the IRS asserts that, while Romero may well be entitled to due process, the United States is not responsible for providing such process.

■ Under the facts of the instant case, we decline to accept the Government's invitation to decide a ground that the district court left open. The district court previously had denied the Government's motion to dismiss for failure to state a claim. When the district court did later dismiss Romero's claim, it did so on the limited grounds of jurisdiction and joinder. Moreover, under *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), the Government's contention would require this Court in the first instance to balance the burdens on the individual and the Government to determine whether the

---

1. In the original complaint, Romero, joined by his wife, alleged that they were entitled to a return of $2,212.78. After the filing of the suit, Romero's wife, Irma Romero, filed a second claim for refund with the IRS. In response, the IRS refunded Irma Romero $1,106.39 (i.e., one half of the total refund claimed) based on her share under Texas community property law.

2. Romero's original complaint alleged that no proper service had been made upon Romero in the California state court case and that Romero had never been the husband of Ester Garcia, the mother of the child in question.

3. In a brief filed before the trial court, Romero pointed out several deficiencies in the tax intercept procedure which could be cured through notice and hearing procedures, such as mistak-

en identity and clerical mistake in computing the amount of child support.

4. 26 U.S.C. § 7422 provides that "[n]o suit [for refund] ... shall be maintained in any court ... until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance thereof." See also *Mallette Bros. Construction Co. v. United States*, 695 F.2d F.2d 145, 155 (5th Cir.), cert. denied, 464 U.S. 935, 104 S.Ct. 341, 78 L.Ed.2d 309 (1983). Treas.Reg. § 301.6402–2(b)(1) currently provides, "The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof."

United States is required to provide such mechanisms and, if so, to what extent. These inquiries, given the limited record, are best addressed in the first instance by the trial court, which may decide to develop the record before deciding this issue.

■ We now turn to the two reasons which were advanced by the district court for dismissing this action. The first is that Romero did not comply with the procedures required in a tax refund suit against the Government. *See* 26 U.S.C. § 7422(a). The Government abandoned this issue at oral argument, pointing out that other courts have held that a challenge to the tax intercept statute is not a claim that a tax has been "erroneously or illegally assessed or collected" within the meaning of 26 U.S.C. § 7422(a). *Nelson v. Regan*, 731 F.2d 105, 109 (2d Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 175, 83 L.Ed.2d 110 (1984). *See also Rucker v. Secretary of Treasury*, 751 F.2d 351, 355–56 (10th Cir. 1984). The Government also conceded at oral argument that, assuming this is a suit for tax refund within section 7422(a), it was adequately apprised of Romero's claim. The Court has examined the jurisdictional issue and concludes that, in light of *Nelson, Rucker,* and the Government's statement at oral argument concerning the adequacy of Romero's claim for refund, no jurisdictional bar under section 7422(a) exists. *See Mallette Bros. Construction Co. v. United States*, 695 F.2d 145, 155 (5th Cir.) (explaining section 7422(a) and purposes thereof), *cert. denied,* 464 U.S. 935, 104 S.Ct. 341, 78 L.Ed.2d 309 (1983).

■ We also hold that the district court erred in concluding that California was an indispensable party to this suit. *See* Fed. R.Civ.P. 19. As the Government (which originally pressed this point at the trial court level) now concedes, "[T]axpayer's complaint [is] directed primarily at the constitutionality of a federal statute, *i.e.,* section 6204(c), and not at the constitutionality of the procedures employed by California...." Given the nature of Romero's suit, which seeks recovery from the United States for its failure to fulfill its due process obligations, this Court holds that "in equity and good conscience," as defined by Rule 19(b), Romero should be allowed to proceed with his claim against the United States in California's absence. *See Schutten v. Shell Oil Co.*, 421 F.2d 869 (5th Cir.1970). *See also Bermudez v. Department of Agriculture*, 490 F.2d 718, 724 (D.C.Cir.), *cert. denied,* 414 U.S. 1104, 94 S.Ct. 737, 38 L.Ed.2d 559 (1973); *Mikulay Co. v. Urban Mass Transportation Administration*, 90 F.R.D. 250 (D.D.C.1980).

Accordingly, the judgment of the district court dismissing Romero's complaint is reversed and the case is remanded.

REVERSED AND REMANDED.